UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| COUNTEE WILSON, III, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:13-cv-1121 |
| | ) |
| v. | ) Honorable Joseph G. Scoville |
| | ) |
| COMMISSIONER OF | ) **MEMORANDUM OPINION** |
| SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

This is a social security action brought *pro se* by Countee Wilson, III. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, the parties voluntarily consented to have a United States magistrate judge conduct all further proceedings in this case, including entry of final judgment. (docket # 12). The matter is before the court on a motion to dismiss plaintiff's complaint for lack of subject-matter jurisdiction. (docket # 4). Defendant filed this motion on December 18, 2013. Plaintiff has elected not to file a response. For the reasons set forth herein, defendant's motion will be granted and judgment will be entered dismissing plaintiff's complaint for lack of subject-matter jurisdiction.

Plaintiff's disability insured status expired on June 30, 1975. On March 9, 2005, he filed an application for disability insurance benefits (DIB) claiming an onset of disability in 1974. His claim was denied on initial review. In 2007, he received a hearing before an administrative law judge (ALJ). On April 18, 2007, the ALJ held that plaintiff was not entitled to DIB benefits. The Appeals Council denied review. On September 25, 2009, plaintiff filed a *pro se* lawsuit in this court

seeking judicial review of the Commissioner's final administrative decision denying his claim for DIB benefits. On July 7, 2011, District Judge Janet T. Neff entered a judgment affirming the Commissioner's decision. *Wilson v. Commissioner*, No. 1:09-cv-878 (W.D. Mich. July 7, 2011). Plaintiff did not pursue an appeal of the judgment.

On July 31, 2012, plaintiff filed another application for DIB benefits. On December 19, 2012, an ALJ issued an order dismissing plaintiff's request for a hearing because *res judicata* (claim preclusion) barred his claim. On October 11, 2013, plaintiff filed his *pro se* complaint in this case. Once again, he claims entitlement to DIB benefits beginning in 1974. Plaintiff's complaint is devoid of any reference to case number 1:09-cv-878 or to Judge Neff's judgment affirming the Commissioner's decision finding that he was not entitled to DIB benefits.

"The plaintiff bears the burden of establishing that jurisdiction exists." *Taylor v. KeyCorp*, 680 F.3d 609, 612 (6th Cir. 2012). The Supreme Court's decision in *Califano v. Sanders*, 430 U.S. 99, 107-09 (1977), and the Sixth Circuit's decisions in *Cottrell v. Sullivan*, 987 F.2d 342, 344-45 (6th Cir. 1992), and *Ingram v. Secretary of Health & Human Servs.*, 830 F.2d 67 (6th Cir. 1987) firmly establish that the court lacks subject-matter jurisdiction. The Commissioner's decision refusing to reopen the earlier administrative decisions, dismissing plaintiff's request for a hearing, and dismissing his claim for DIB benefits is not a final administrative decision subject to review under 42 U.S.C. § 405(g).

## Conclusion

Defendant's motion to dismiss (docket # 4) is granted. Judgment will enter dismissing plaintiff's complaint for lack of subject-matter jurisdiction.

Dated:  April 3, 2014                /s/  Joseph G. Scoville
                                                  United States Magistrate Judge